IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARSHALL COGMAN, # 137034,    )
    )
    Petitioner,    )
    )
v.    )   Civil Action No. 2:18cv855-MHT
    )       [WO]
JOHN CROW, *et al.,*    )
    )
    Respondents.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Marshall Cogman on September 28, 2018. Doc. # 1. Cogman challenges his 1981 conviction and life sentence entered against him by the Circuit Court of Montgomery County, Alabama for the offense of attempted rape in the first degree. He alleges that (1) the trial lacked jurisdiction to convict and sentence him for attempted rape in the first degree conviction as a lesser-included offense of rape in the first degree as charged in the indictment; (2) the trial court constructively amended the indictment; and (3) he was tried, convicted, and sentenced while mentally incompetent. For the reasons that follow, it is the recommendation of the Magistrate Judge that Cogman's § 2254 petition be dismissed as a successive petition filed without the required appellate court authorization.

## DISCUSSION

This is Cogman's second 28 U.S.C. § 2254 habeas petition challenging his 1981 conviction for attempted rape in the first degree. Cogman filed his first § 2254 petition with this court in August 2004. *See Cogman v. Thomas, et al.*, Civil Action No. 2:04cv1245-MEF (M.D. Ala. 2005), Doc. # 1. In that habeas action, this court denied Cogman relief, finding his habeas application to be time-barred under the federal limitation period in 28 U.S.C. § 2244(d)(1) and dismissing the case with prejudice. *See id.*, Docs. # 14 through 16.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[1] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

Cogman's instant § 2254 petition is a successive petition subject to the limitations of § 2244(b).[2]   Cogman furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas corpus relief.   "Because this undertaking [is a successive] habeas corpus petition and because [Cogman] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief."   *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932,

---

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

[2] As noted above, Cogman's first § 2254 petition was denied as time-barred under the federal limitation period in 28 U.S.C. § 2244(d)(1).  Denial of a habeas petition as untimely "counts" as an adjudication on the merits for purposes of the successive petition rules in 28 U.S.C. § 2244(b).  *See, e.g., Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) ("We hold today that a prior untimely petition does count [for purposes of 28 U.S.C. § 2244(b)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").

933 (11th Cir. 2001).  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.

2003) (providing that, without an order from the court of appeals authorizing the

district court to consider a successive habeas petition, the district courts lack

jurisdiction to consider the petition).  Consequently, the instant petition for writ of

habeas corpus should be denied and this case summarily dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that

Cogman's petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied and

that this action be DISMISSED under the provisions of 28 U.S.C. § 2244(b)(3)(A),

as Cogman has failed to obtain the requisite order from the Eleventh Circuit Court

of Appeals authorizing a federal district court to consider his successive habeas

application.

It is further

ORDERED that on or before **October 23, 2018**, the petitioner may file

objections to the Recommendation.  The petitioner must specifically identify the

factual findings and legal conclusions in the Recommendation to which objection is

made.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and

recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall

bar a party from a *de novo* determination by the District Court of factual and legal issues covered

in the Recommendation and waives the right of a party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-

1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done this 9th day of October, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE